UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF TEXAS
United States Courts
Southern District of Texas
FILED
APR 24 2023
Nathan Ochsner, Clerk of Court

UNITED STATES OF AMERICA

VS.

THADDEAUES MALIK WILLIAMS

CRIMINAL NO.
4:19-CR-00614

## MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED

NOW COMES, THADDEAUES MALIK WILLIAMS, Respectfully Moving Said Court in the Southern District of Texas with a MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED, requesting that the Honorable Judge of Said Court grant a minimum Two Days Credit for One Day Served.

### INTRODUCTION

The Defendant being incarcerated an estimated 40 months at, Federal Detention Center Houston, which is a BOP operated facility, located at 1200 Texas St., Houston, Texas 77002, is considered under the Constitutional Rights of Prisoners a Hardtime detention facility, invoking several protections under the 8th and 14th Amendment of the United States Constitution.

### SUPPORTING ARGUMENT

There are several factors to consider for this motion that are present at, Federal Detention Center Houston; That can further trigger protections under the 8th Amendment and warrant the 2 to 3 days credit for one day served while a detainee at this BOP Facility. All information from the "Rights of Prisoners, Third Edition Pages 85-120."
The Role of the Courts regarding United States Citizens sentenced to confinement as punishment for criminal activity do not lose the protections afforded them by the United States Constitution. The 8th Amendment of the Constitution prohibits the infliction of "cruel and unusual" punishments upon citizens. This prohibition applies not only to the Federal Government but also to the states in their operation of state penitentiaries. (Whitney v. Albers, 475 US 312,318-19,89 1.Ed.2d 251, 1065, ct. 1078,1986) The 8th Amendment prohibits punishment which, not physically barbarous, involve the unnecessary and wanton inflictions of pain(physical or psychological), are grossly disproportionate to the severity of the crime, or are "totally without peneological justification."

A Court faced with the responsibility of drawing the line between constitutional and unconstitutional conditions undertakes a delicate task. No static test determines whether conditions of confinement are "cruel and unusual." These terms must "draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society."(Rhodes, 452 US at 346) This analysis should not be subjective; Rather, the court's judgement must be "informed by objective factors to the maximum possible extent."

The Role of the Courts, then, is to enforce constitutional standards and to protect the constitutional rights of prisoners. Ruiz v. Estelle, 679 F.2d 1115, 1126(5th Cir. 1982), cert. denied 460 US 1042, 75 L.Ed.2d 795, 103 S.Ct. 1438,(1983). This somewhat convoluted legal process really means that once a plaintiff shows that a state official's actions have violated the Constitution, the court can indirectly reach the state -- "the scope of the district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."(Swann v. Charlotte-Mecklenburg Board of Education, 402 US 1,15,28 L.Ed.2d 554, 91 S.Ct. 1276,1971). Thus the(719 F.Supp. 1262)Court can reach the Commonwealth through the named defendants in this case

1. Federal Detention Center Houston, operates a communal segregation Jail with limited interest afforded to the inmates in general population. Punitive Segregation has a long pedigree in this country ever since prisons were established in the early nineteenth century for various reasons, including using it as a sanction for the serious violations of facility rules. In more recent times, the units have continued to be used as punishment for rule infractions, unduly, or disruptive inmates. Typically, an inmate in this status is locked in his cell for 23 or more hours per day with limited oppurtunities for exercise or programming. As a result, the conditions impose at least partial social isolation and partial reduction of certain forms of stimulation as compared to "normal general populations within the Federal system." As a result of the on-going pandemic of Covid-19, emotional and mental hardship has been unbearable, due to restrictions of visits and being unable to see my family. As well as the constant threat of contracting the virus while being detained. According to some estimates as many as 7-10% of all inmates are currently confined in some form of punitive segregation, not being able to care for oneself if a fellow inmate were to contract the virus. Again, Federal Detention Center Houston, operates this type of system that has become normal within the development of "SuperMax" Prisons designed to house inmates who are considered the most incorrigible or difficult.

1a. In these "SuperMax" Prisons inmates are held under similar conditions to punitive segregation. Prisoners are locked in their cells for virtually the entire day and night with very limited oppurtunities for programs or recreation. These prisons are built and used for inmates with disciplinary problems such as gang activity. The facility also has no classification which which combines all types of disruptive persons in one confined

space for 23/24 hours a day. Thus, in litigation about the conditions in this facility, both the subjective and the objective branches of the 8th Amendment test must be considered. I am requesting the court view my stay at, Federal Detention Center Houston, as a stay of punitive segregation and that I have been punished harshly.

For sentenced detainees, challenging restrictive housing practices in a jail setting is governed by the 14th Amendment; however, the standard to be applied is the 8th Amendment test. See, LandFair v. Shehan, 878 F.Supp. 1106(ND Ill,1995). The issue with this case like most cases is whether conditions in punitive segregation unit, or in the way which a particular punitive segregation unit operates, falls below "contemporary standards of decency" through the unnecessary and wanton inflictions of psychological pain. Research validates these observations while studies confirm that "serious emotional consequences" result when isolation is utilized as a form of imprisonment.(US v. Moreland, 258 US 433,449,S.Ct. 368, 66 L.Ed. 700, 24 A.L.R., 992, 1992)

2. The Lack of Movement at, Federal Detention Center Houston, where an inmate who is not in quarantine, isolation, administrative, or otherwise disciplinary segregation is subject to the aforementioned treatment creating a condition of disproportionate punishment to an offense. There were three different times over a five week period that we were confined to our cells for 24 hours a day. We were fed through our doors and made to eat in our cells. We were allowed out of our cells for 15 minutes on Mondays, Wednesdays, and Fridays, and only allowed to shower; We had no access to phones or computers.

3. At, Federal Detention Center Houston, the general population is in a 7ft wide by 10ft high ceiling with 2 beds. Since the on set of Covid-19 pandemic in March 2020, we have very limited activity. Without notice, Federal Detention Center Houston, can change its Covid-19 color level status from green, yellow, red, and black. In doing so, it puts changes on how we are allowed to conduct a days activities. This can amount to solitary confinment and serious deprivation of liberty. The color change also affects how we interact with our families and support systems.

4. While at, Federal Detention Center Houston, I contracted Covid-19 one time, which put me in a 21 day quarantine.

5. While being incarcerated at, Federal Detention Center Houston, it is most assured to be classified as an institution that should qualify to extent "HARDSHIP TIME CREDIT" because of these certain partially violated rights.

## CONCLUSION

Federal Courts will provide relief for deprivation of a prisoner's constitutional rights to be free of cruel and unusual punishment during his stay; When the conditions such as the ones at, Federal Detention Center Houston, become such that a prisoner is deprived of physical movement, the 8th Amendment is violated. In addition, punishment that is imposed for an improper purpose or is disproportionate to the offense can violate a Prisoner's 8th and 14th Amendment.

## PRAYER

My Prayer is that the court find my time at, Federal Detention Center Houston, be in accordance with the definition of "HARDTIME SERVED." I ask the court grant me 2 to 3 days for everyday served while in custody.

THADDEAUES MALIK WILLIAMS

THADDEAUES MALIK WILLIAMS #98912-479
FEDERAL DETENTION CENTER - HOUSTON
P.O. BOX 526255
HOUSTON, TEXAS 77052

NORTH HOUSTON TX 773
20 APR 2023 PM 4 L



United States Courts
Southern District of Texas
FILED
APR 24 2023
Nathan Ochsner, Clerk of Court

UNITED STATES COURTHOUSE
ATTN: Judge George Hanks, Jr.
P.O. BOX 61010
HOUSTON, TEXAS 77208

** LEGAL MAIL **

** LEGAL MAIL **